**FILED**
**Oct 31, 2022**
**12:41 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| **BETTY TIPTON,** | ) | **Docket No. 2018-07-0202** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DYNAMETAL TECHNOLOGIES,** | ) | **State File No. 86668-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **ACCIDENT FUND INS. COMPANY,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## COMPENSATION HEARING ORDER

The Court held a compensation hearing on October 20, 2022, to consider Ms. Vaulx's request for a new panel of physicians.[1] Dynametal opposed the request, arguing that it has provided all medical care required by this Court's earlier ruling. The Court agrees and denies her request for a panel of physicians.

### History of Claim

Ms. Vaulx, who went by her maiden name Tipton then, hurt her back while working for Dynametal. After a compensation hearing, the Court awarded permanent disability benefits as well as continuing medical care with Dr. James Brophy, the authorized treating physician.[2] The Court relied on the opinion of a non-treating physician to award benefits rather than Dr. Brophy, who had assigned Ms. Vaulx no permanent impairment.

---

[1] Ms. Vaulx filed a request for expedited hearing to determine this post-judgment medical dispute. At the hearing, the parties agreed that this should have been a request for compensation hearing and agreed to have the case determined under the standard of proof applicable to that proceeding.

[2] Ms. Vaulx testified she did not select Dr. Brophy from a panel. Because the Court in its previous order determined that she did, and the order was not appealed, this issue is not subject to review.

Ms. Vaulx saw Dr. Brophy only once before going to her primary care physician for treatment and paying those expenses out of pocket. She did not request further treatment from Dr. Brophy before treating with her personal physician.

At about the same time she saw her primary care physician, Ms. Vaulx filed a request for a new doctor. She claimed she needs a new doctor because Dr. Brophy does not believe she needs additional treatment. It was evident from her testimony that she disagrees with Dr. Brophy's opinion about her treatment needs. Also, she and her husband both testified she still suffers from her injury and that the associated pain interferes with her ability to conduct her daily activities.

Ms. Vaulx filed a letter from Dr. Emmanuel Obi concerning treatment:

Ms. Betty Vaulx is a 56-year-old female with a history of chronic low back pain with radiculopathy. I have been treating her chronic low back pain since 2018. Treatment has been with NSAIDs, gabapentin, Cymbalta. She has also undergone several sessions of multiple physical therapies. She continues to have persistent symptoms of low back pain radiating to bilateral lower extremities affecting her activities of daily living. She has been referred to orthopedics but has not been able to attend visit due to lack of workmen's compensation which was supposed to cover all her chronic low back problems. If you need further clarification, please do not hesitate to contact me.

Dynametal argued that it offered Ms. Vaulx treatment with Dr. Brophy as required by the Court's order, but she declined. Further, Dynametal maintained Ms. Vaulx can return to Dr. Brophy and is not entitled to a new panel of physicians.

**Findings of Fact and Conclusions of Law**

The only issue in this compensation hearing is whether Dynametal must provide Ms. Vaulx a new panel of doctors. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). Ms. Vaulx must prove her entitlement to a new panel of doctors by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2022) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence."). She did not carry this burden.

The Workers' Compensation Law requires an injured employee "to accept the medical benefits" provided by the employer, which includes a panel of "three or more independent reputable physicians . . . from which the employee shall select one to be the treating physician." Tenn. Code Ann. § 50-6-204(3)(A)(i). Once selected, that physician is the authorized treating physician until the physician declines to continue treating the employee. *Limberakis v. Pro-Tech Sec., Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53, at *8-10 (Sept. 12, 2017). The employer may also voluntarily provide a new panel of physicians.

Neither situation occurred in Ms. Vaulx's case. Ms. Vaulx offered no evidence that Dr. Brophy has declined to see her. And, Dynametal refused to provide a new panel.

In support of her position, Ms. Vaulx offered the letter from Dr. Obi. His letter does not sway the Court's opinion for several reasons. First, while the letter details treatment he provided, it does not state that Dynametal declined to provide this treatment through Dr. Brophy. Second, the letter does not prove that the treatment outlined in the letter is reasonable and necessary for treatment of her work injury. Finally, the letter, although agreed upon by the parties as admissible in this hearing, does not meet required standards for a judge's consideration at a compensation hearing, as it is neither deposition testimony nor included in a form C-32. Tenn. Code Ann. § 50-6-235 (allowing admission of a doctor's testimony on this form instead of a deposition.).

In sum, Ms. Vaulx has not carried her burden of proving her entitlement to a new panel of physicians.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Vaulx's request for a new panel of doctors is denied.

2. The Court assesses the $150.00 filing fee against Dynametal, for which execution might issue as necessary. Dynametal shall pay the filing fee to the Clerk within five business days of this order becoming final.

3. Unless appealed, this order shall become final thirty days after issuance.

**ENTERED October 31, 2022.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:

1. Ms. Vaulx's Rule 72 Declaration
2. Medical Records filed October 3, 2022
3. Dr. Emmanuel Obi letter
4. Compensation order dated February 15, 2019

Technical record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order to Show Cause
4. Request for Expedited Hearing
5. Employer's Motion for an Evidentiary Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 31, 2022.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|----------------|------------------|-----------|------------------|
| Betty Tipton Vaulx, Employee | | | X | 1080 Wallace Rd. Apt, 5 Jackson, TN 38305 stevenvaulx@gmail.com |
| Gordon Aulgur, Employer's Attorney | | | X | gordon.aulgur@accidentfund.com |

_____
**Penny Shrum, Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Compensation Order Right to Appeal:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*